UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-13-527-S |
| | § | |
| CARMEN LECHIN | § | |

## MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the United States of America, through Kenneth Magidson, United States Attorney, and the undersigned Heather Winter, Assistant United States Attorney, and files this Motion in Limine to Exclude Expert Testimony.[1]

### I.   BACKGROUND

The defendant stands charged with intimidating a flight crew member, thereby causing interference with the flight and assaulting her husband onboard a flight.  These charges stem from defendant's conduct aboard United Airlines Flight 1009, departing Houston's Intercontinental Airport, bound for Bogota, Colombia on June 5, 2013 at approximately 11:59 p.m.  The defendant and her husband and daughter were seated in the first class cabin, which was being attended by flight crew member, Samuel Oliver.  After approximately two hours into the flight, the defendant began arguing with Mr. Oliver because United Airlines no longer offered pillow service to first class passengers.  The defendant then began arguing with and hitting her husband.  The defendant was verbally warned to cease her disruptive behavior and was provided a written warning, but when she

---

[1] The Government maintains that the expert notice (Dkt. 88) in this case is deficient under the Federal Rules of Criminal Procedure.  *See* Government's Motion to Strike Expert Notice, filed contemporaneously herewith.  Because of the severe deficiency of the Notice, the Government will do its best to discern the subjects about which the expert may render an opinion.

failed to calm down, Mr. Oliver requested that the defendant's husband switch seats with their daughter in order to separate the defendant and her husband.

After the defendant's husband moved seats, the defendant continued to profanely insult her husband. She also reached over and between the seats to hit her husband several times while verbally threatening him. Mr. Oliver kept the Captain informed about the developing situation involving the defendant and requested permission to restrain and handcuff the defendant, if necessary, to avoid further injury to herself or others. Because the defendant continued to physically and verbally assault her husband, Mr. Oliver, with the assistance of two able-bodied passengers, restrained the defendant using plastic flexi-cuffs. The defendant was assisted to the back of the plane where an off-duty Houston Police Officer sat with her for the remainder of the flight. The Captain, having been advised of the disturbance as it progressed, made the decision to divert the plane and return to Houston rather than proceed to Bogota.

Lechin filed a notice of intent to call an expert witness, namely Frederick Joseph Koch. *See* Dkt. 88. The notice states that "Mr. Koch will testify as an expert in aviation safety, security, United/Continental employee training, and FAA/TSA security violations." *Id.*

## II.  ANALYSIS

The United States moves to exclude any opinions from expert witnesses concerning aviation safety, in general, or United Airlines's policies or employee training, in particular. Based on the bare bones information and curriculum vitae provided by defense regarding the anticipated expert testimony of Frederick Joseph Koch, his testimony would be neither reliable nor relevant. His qualifications are incongruent with the facts in this case, and, despite his qualifications, such testimony is irrelevant, unnecessary, and likely to confuse or mislead the

jury.

   A.   *Reliability*

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Rule 702, district courts are assigned a gatekeeping function to determine the admissibility of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93, 113 S. Ct. 2786 (1993); *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010). The court must find that the evidence is both relevant and reliable before it may be admitted. *Id.* This "gate-keeping" obligation applies to all types of expert testimony, not just "scientific" testimony. *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 617-18 (5th Cir. 1999) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167 (1999)). In assessing reliability in specialized, non-scientific fields, the judge has discretion in determining which factors are most germane in light of the nature of the issue, the particular expertise, and the subject of the expert's testimony. *Kumho Tire*, 526 U.S. at 142. Overall, the trial court must strive to ensure that the expert, "whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152.

"To qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his

search for truth.'" *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992)). A district court should exclude expert witness testimony if it finds that the witness is not qualified to testify in a particular field or on a given subject. *Huss v. Gayden,* 571 F.3d 442, 452 (5th Cir. 2009). The party seeking to introduce expert testimony bears the burden of demonstrating that the expert's findings and conclusions are reliable. *Moore v. Ashland Chem. Inc*., 151 F.3d 269, 276 (5th Cir. 1998) (en banc).

Based on Mr. Koch's curriculum vitae ("CV"), there are real concerns about his ability to be a reliable expert in this case. Koch is offered to testify about matters concerning "aviation safety, security, United/Continental employee training, and FAA/TSA security violations." Dkt. 88. While these topics are broadly fashioned, even a cursory review of Koch's CV reveals that the particular policies, procedures, and handling of the situation aboard Flight 1009 do not implicate Koch's fields of expertise. The Government assumes that the defendant will attempt to challenge the decisions made by the flight attendant and/or the Captain. Relevance aside, Mr. Koch's experience in not in the field of general employee training or compliance. He has apparently never been a flight attendant or Captain; he has never been involved in the training of these employees or the drafting of their policies and procedures; and he has never apparently been involved in the direct management of a flight disturbance. Mr. Koch's experience clearly lies in high level corporate security, accounting, and asset management. Specifically, his notable accomplishments include "[Continental] Corporate Strategy" and "Corporate Security," guest lecturing on "Money Laundering" and "Airline Fraud Protection" and testifying in an airline "Blue Collar Theft Case." Dkt. 88-1. The bulk of his Professional Experience and Special Expertise are likewise in subjects of Loss Prevention, Risk Management, and crisis response. *Id.*

This run-of-the-mill flight disturbance case does not fall within the purview of Koch's expertise, making him an unreliable expert as to the facts of this case.

  B.  *Relevance*

In general, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Although relevant, the court may exclude evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

With respect to determining the relevancy of an expert's testimony pursuant to Rule 702 and *Daubert*, the proposed testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rules 401-402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). "There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." *Vogler v. Blackmore*, 352 F.3d 150, 156 n. 5 (5th Cir. 2003) (quoting FED. R. EVID. 702 advisory committee's note)).

First, the proposed expert's testimony here is irrelevant and unnecessary because the crux of the charges at issue center on defendant's conduct, not on aviation safety or security, or United Airlines's policies or training. The elements at issue as to the first count are: (1) that the defendant was on an aircraft in the special aircraft jurisdiction of the United States; (2) that the

5

defendant knowingly intimidated Samuel Oliver; and (3) that the defendant interfered with the performance of the duties or lessened the ability of Samuel Oliver to perform his duties aboard the aircraft.  The second count requires that the Government prove: (1) that the defendant was on an aircraft in the special aircraft jurisdiction of the United States; and (2) that the defendant assaulted Alex Lechin aboard the aircraft.  The facts necessary to prove or negate these elements are the only ones relevant in this trial.

Again, although there is not much specificity in the defendant's expert notice, it appears that the defendant may seek to present testimony from an expert opining that United Airlines's policies were not followed by the Captain or Samuel Oliver.  Such testimony is not relevant because the jury is not being asked to decide whether United Airlines's policies are appropriate or whether Samuel Oliver or the Captain complied with such policies. Expert testimony concerning whether Samuel Oliver or the Captain complied with United Airlines's policies will only mislead and confuse the jury by shifting the focus onto the flight crew's conduct as opposed to the conduct at issue in this case, the defendant's.  The flight crew is not on trial here, and if the defendant wishes to scrutinize their actions or United Airlines's policies, she may do so through proper cross-examination. In sum, neither the propriety of United Airlines's policies, nor the flight crew's compliance with such policies is germane to the issues of consequence that the jury must decide in this criminal case.  Allowing an expert to weigh in on issues not material to the defendant's criminal conduct will only confuse and detract from the issues presented to the jury.  Accordingly, Federal Rules of Evidence 401 and 403 support the exclusion of any expert testimony on United Airlines's policies.

Second, allowing expert testimony in this case, ultimately, will not aid the jury because expertise or specialized knowledge is not necessary to understand the simple directives provided

to flight attendants in flight disturbance situations. Under Rule 702, an expert must possess specialized knowledge that "will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702; *Daubert*, 509 U.S. at 589. "Stated more directly, the trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument." *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (quoting *In re Air Crash Disaster at New Orleans, La.*, 795 F.2d 1230, 1233 (5th Cir. 1986)).

While the government will seek to admit portions of United Airlines's Flight Attendant Operations Manual in order for the jury to understand why Oliver acted in the manner that he did, the policy is not so complex or difficult to understand that an expert would any way assist the jury in its determination of the material issues in this case. Specifically, Threat Level 1 occurs in situations of "Disruptive, Suspicious, or Threatening [ ] Behavior." The manual provides examples and instructions for the flight attendant to follow in this instance. A situation escalates to a Threat Level 2 when "Physically Abusive Behavior" occurs. The Flight Attendant Operations Manual provides plain language instructions and guidance to all levels of flight attendants, so that they may react consistently and appropriately to various situations. An expert in this case would be wasteful of the Court and jury's time. Specifically, the jury will be fully capable of understanding what took place aboard this aircraft, without the need for an expert, based on the policies and testimony of witnesses. *See Peters v. Five Star Marine Serv.*, 898 F.2 448, 450 (5th Cir. 1990) (expressly recognizing that expert testimony should be excluded if the Court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge"). The Flight Attendant Operations Manual does not require any scientific or technical knowledge beyond the understanding of an ordinary person, and therefore, any expert testimony on the subject should be excluded.

### III.  CONCLUSION

For the reasons discussed above, the Government requests that the Court grant this motion in limine to exclude Frederick Joseph Koch as an expert and exclude any expert testimony concerning United Airlines's policies or the flight crew's compliance with such policies unless counsel first obtains permission from the Court outside of the presence of the jury.

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney

BY:   */s/ Heather Winter*_____
Heather Winter
Assistant United States Attorney
Federal Bar No. 938852
Texas Bar No. 24050074
1000 Louisiana St., Suite 2300
Houston, TX 77002
Phone: 713-567-9000
Fax:    713-718-3301

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 21st day of August 2015, I attempted to confer with counsel for defendant, Andino Reynal. I have not received a response, and therefore, assume that he is opposed to this motion.

*/s/ Heather Winter*_____
Heather Winter

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Government's motion has been delivered to counsel of record on this 21st day of August, 2015 via ECF filing.

*/s/ Heather Winter*_____
Heather Winter