UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-13-527-S |
| | § | |
| CARMEN LECHIN | § | |

## MOTION TO BIFURCATE TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the United States of America, through Kenneth Magidson, United States Attorney, and the undersigned Heather Winter, Assistant United States Attorney, and files this Motion to Bifurcate the trial of the offenses in this case, such that the jury would consider the guilt or innocence as to the felony charge and the Court would consider the guilt or innocence as to the misdemeanor charge.

As the Court is aware, the defendant is charged in a two count superseding indictment with the felony offense of interference with a flight crew member and the misdemeanor offense of simple assault aboard an aircraft. *See* 49 U.S.C. § 46506(1) and Title 18 U.S.C. § 113(a)(5). The applicable punishment range for the Class B misdemeanor assault charge is imprisonment up to six months, a fine of up to $5,000, or both, or a term of probation of not more than five years. *See id.*; 18 U.S.C. § 3561; 18 U.S.C. § 3571. Based on the maximum possible punishment for the misdemeanor offense, the defendant is not be entitled to a jury trial on this charge and bifurcating the trial in this case would preserve valuable judicial time and resources.

It is well-established that those charged with petty offenses do not have a right to a jury trial. *See e.g., Lewis v. United States*, 518 U.S. 322, 325–26, 116 S. Ct. 2163 (1996) (explaining that there is no right to jury trial for petty offenses, and that crimes with a six month maximum

1

prison term are presumed petty); *Blanton v. City of N. Las Vegas, Nev.*, 489 U.S. 538, 541, 109 S. Ct. 1289 (1989); *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S. Ct. 1444 (1968); *United States v. Hollingsworth*, 783 F.3d 556, 564 (5th Cir. 2015). To determine whether an offense is petty, the court considers the maximum penalty attached to the offense. *Lewis*, 518 U.S. at 326. The maximum penalty is considered the "most relevant" factor in the determination "because it reveals the legislature's judgment about the offense's severity." *Id.* While such penalties as probation and fines are considered in the analysis, the primary indicator of whether an offense is serious or petty is the maximum prison term authorized. *Id.* An offense carrying a maximum prison term of six months or less is presumed to be petty. *Id.*

Here, the misdemeanor offense lodged against the defendant is presumed petty because it carries a maximum term of imprisonment of six months. "A defendant is entitled to a jury trial [ ] only if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." *Blanton*, 489 U.S. at 543. The additional potential penalties do not transform this simple assault offense into a serious one, and legislative intent continues to reflect that Class B misdemeanors are considered "petty" offenses. *See* 18 U.S.C. § 19 ("[P]etty offense" includes "a Class B misdemeanor"); *see United States v. Kelly*, 105 F.3d 649 (4th Cir. 1997) (per curiam) (holding defendant was not entitled to a jury trial for the petty offense of simple assault under 18 U.S.C. § 113(a)(5)).

In addition to the legal support of the Government's position, judicial economy will also be served by bifurcating the trial. The victim of the assault in this case is the defendant's husband. Therefore, the husband is a necessary witness at trial for the misdemeanor charge; however, he would not be necessary during the felony portion of the trial in order for the

Government to satisfy its burden proving the elements of the interference with a flight crew charge. As referenced in the Government's Motion in Limine filed contemporaneously herewith, the defendant and her husband have longstanding marital issues that are now the subject of a contentious divorce action. The husband's testimony will be fraught with various evidentiary issues that can more easily be culled through by this Court, as opposed to the jury. Several material evidentiary rulings and limiting instructions would be necessary if both charges are tried together before the jury. In order to preserve time and resources, the Court could conveniently consider the evidence presented in the felony portion of the trial and conduct the misdemeanor portion of the trial directly thereafter outside of the presence of the jury. Because it is appropriate under the law for this Court to conduct a bench trial on the misdemeanor charge and in order to promote judicial economy, the Government requests that the Court bifurcate the trial of the offenses in this matter.

        Respectfully submitted,

        KENNETH MAGIDSON
        United States Attorney

BY:   */s/ Heather Winter*_____
        Heather Winter
        Assistant United States Attorney
        Federal Bar No. 938852
        Texas Bar No. 24050074
        1000 Louisiana St., Suite 2300
        Houston, TX 77002
        Phone: 713-567-9000
        Fax:   713-718-3301

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 21st day of August 2015, I attempted to confer with counsel for defendant, Andino Reynal. I have not received a response from Mr. Reynal, so I will assume he is opposed to this motion.

*/s/ Heather Winter*_____
Heather Winter

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Government's motion has been delivered to counsel of record on this 21st day of August, 2015 via ECF filing.

*/s/ Heather Winter*_____
Heather Winter
